Dear Mr. Labat:
You requested the opinion of this office concerning whether the Terrebonne Parish Council (the "Council") can legally create a Council District Improvement/Assistance Fund (the "Fund") for each of the nine Council districts into which annually budgeted funds would be deposited. The monies in each Fund would be used for such things as public safety, public works, transit, health and welfare within each of the nine districts. Presumably, it would be within the discretion of each individual councilman to determine how the monies in his Fund would be expended. You advised that the Parish Attorney expressed concern as to whether the creation and use of the Funds would be in conflict with the Louisiana Local Government Budget Act (the "Budget Act") and/or the Parish Home Rule Charter (the "Charter").
The Budget Act requires each political subdivision to cause to be prepared a comprehensive budget presenting a complete financial plan for each fiscal year for the general fund and each special revenue fund. R.S. 39:1305. The budget document must include:
 "(2) (a) A statement for the general fund and each special revenue fund showing the estimated fund balances at the beginning of the year; estimates of all receipts and revenues to be received; revenues itemized by source; recommended expenditures itemized by agency, department, function, and character; other financing sources and uses by source and use; and the estimated fund balance at the end of the fiscal year." (Emphasis added)
From the information which accompanied your request, it appeared that the Parish Attorney was concerned as to whether the proposed action by the Council would be in compliance with the emphasized language in the preceding paragraph. As the information provided did not clearly state all the particulars of the proposed Council action, we are unable to opine on this particular issue.
The information you supplied also indicates that the Parish Attorney considered the proposed action to be a budget amendment. Under the Budget Act, when the governing authority has received notification of specific changes in total revenue and/or total actual expenditures, or there has been a change in operations upon which the original adopted budget was developed, the governing authority shall adopt a budget amendment in an open meeting to reflect such change. R.S. 39:1310.
R.S. 39:1311 pertains to budgetary authority and control and differentiates between the authority of the chief executive and administrative officers of the political subdivision and the governing authority of the political subdivision, which latter term is defined in R.S. 39:1302 (2) to mean "the body which exercises the legislative functions of the political subdivision." R.S. 39:1311 provides in pertinent part as follows:
 "A. The adopted budget and any duly authorized adopted amendments shall form the framework from which the chief executive or administrative officers and members of the governing authority of the political subdivision shall monitor revenues and control expenditures . . .
 * * * C. The adopted budget and any duly authorized amendments required by this Section shall constitute the authority of the chief executive or administrative officers of the political subdivision to incur liability and authorize expenditures from the respective budgeted funds during the fiscal year." (Emphasis added)
Therefore, under the Budget Act, it is the chief executive which in this instance is the Parish President, and not the members of the governing authority which in this case is the Parish Council, who is given the authority to incur liability and authorize expenditures from the respective budgeted funds. We must concur with the Parish Attorney that the proposed action would violate the Budget Act.
As to whether there would also be a violation of the Charter, this office generally does not render opinions on the specific terms of a home rule charter; however, we would note that the Charter grants to the President the general executive and administrative authority over all departments, offices and agencies of the Parish Government, except as otherwise provided by the Charter.[1] The Charter provides for the appointment by the President of a Chief Administrative and Finance Officer whose duties include administering the day-to-day business of the Parish and disbursement of all funds from the Parish treasury.[2] Article V of the Charter pertains to Financial Procedures and sets forth the procedures for adoption of the annual budget. Section 5-06 provides in pertinent part:
 "A. No payment shall be made or obligation incurred against any allotment or appropriation except in accordance with the approved operating and capital budgets and appropriations duly made and unless the President or the President's designee first certifies that there is a sufficient unencumbered balance in such allotment or appropriation and that sufficient funds therefrom are or will be available to cover the claim or meet the obligation when it becomes due and payable. . . . Any authorization of payment or incurring of obligation in violation of the provisions of this charter shall be void and any payment so made illegal; such action shall be cause for removal of any official, officer, or employee who knowingly authorized or made such payment or incurred such obligation . . ."
The proposed Council action cannot be contrary to the above quoted provisions.
Trusting this adequately responds to your request, we remain
Yours very truly,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 BY: ____________________ MARTHA S. HESS Assistant Attorney General
CCF, JR:MSH:jv
[1] Section 3-01.
[2] Section 3-02.